REDMANN, Judge.
Plaintiff appeals from a judgment which rejected the major part of her claim on an insurance policy for damages allegedly resulting from Hurricane Betsy.
Defendant insurer had offered plaintiff the amount of one contractor’s proposal for repairing her house, plus the cost of roofing work plaintiff had had done shortly after the hurricane. Defendant tendered this amount into court, without prejudice to plaintiff’s right to litigate the balance of her claim. The judgment appealed from awarded no other damages than those included in the tendered amount.
The questions are almost exclusively factual in nature. The insurance contract covers damages to contents from water only when it enters through a storm-caused opening in roof or walls.
The trial judge was obviously of the view that plaintiff failed to prove that her furnishings’ damage resulted from water entering through such an opening.
The starkest conflict in testimony related to allegedly broken window panes. Plaintiff and her son-in-law gave testimony to the effect that they had replaced the panes. Defendant’s adjuster testified that the putty around all window panes was old, with paint flaking off. Plaintiff and her son-in-law indicated they had some method (not clearly explained) of replacing the panes without removing the putty, or at least without removing all of it. There was also testimony about roof damage, yet the roofer’s repair charge was only $36.00. He testified he replaced some broken slates and repaired three holes in the roofing felt. Testimony by defendant’s adjuster was that evidence of water staining on plaintiff’s ceilings was very slight. Indeed there was even testimony, from the tenants in the upper apartment of plaintiff’s duplex, that no water had entered the upper apartment.
Under these circumstances we cannot say the trial judge erred in concluding, as he must have, that plaintiff did not prove that the damage to plaintiff’s furnishings was caused by water entering through either roof or broken windows.
We simply cannot, on the record before us, alter the judgment appealed from. It is accordingly affirmed.
Affirmed.